IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | |
|---|---|
| _____ | |
| COLLECTIVE SHARED SERVICES, LLC, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * Civil Action No. 8:20-cv-01804-AAQ |
| | * |
| CPDA CANVASS NETWORK, LLC, *et al.*, | * (consolidated with |
| | *Case No. 8:19-cv-01208) |
| Defendants | * |
| | * |

\* \* \* \* \* \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**CONSENT MOTION TO STAY PROCEEDINGS PENDING DETERMINATION
OF <u>TAX LIABLITY BY INTERNAL REVENUE SERVCE</u>**

Pursuant to Local Rule 105(9), Plaintiff respectfully moves the Court for an order staying proceedings in this matter until a determination by the Internal Revenue Service of the amounts owed, if any, in connection with 2018 Federal payroll tax obligations arising out of Plaintiff's work for Defendant. Plaintiff's counsel has conferred with counsel for Defendant and Defendant consents to the granting of the relief sought in this Motion. The grounds for this Motion are set forth below.

**<u>MEMORANDUM IN SUPPORT OF MOTION</u>**

This case arises out of one agreement entered into by the Plaintiff, Collective Shared Services ("CSS") , to provide certain employment-related services to the Defendant, CPDA Canvass Network ("CPDA"), in connection with field canvassing conducted by Defendant in multiple states in 2018, to organize citizen support for certain progressive causes and organizations. The Parties entered into multiple contracts that were the subject of prior litigation matters. CSS employed the canvassers and was responsible for paying their wages

and, among other things, withholding the employee's share of FICA and Medicare taxes, paying the employer's share, and timely depositing those taxes with the Internal Revenue Service. CPDA was responsible for advancing to CSS or reimbursing CSS for the amounts CSS was required to pay in wages and for the payroll taxes, among other items. *See generally*, Memorandum Opinion, ECF No. 34 at 2-4.

CSS filed multiple lawsuits. In this case, CSS claims CPDA breached the contract that is the subject of this matter by not advancing or reimbursing the required amounts, resulting in a combination of CSS having to use its own funds to pay some of the wages and inability to pay the full amount of payroll taxes due. CPDA denies those claims and has asserted counterclaims against CSS. *Id.*

CSS' central concern at this point is the potential liability to the IRS for under-deposits of payroll taxes, and any penalties and interest. It is also CSS' understanding that, regardless of whatever settlement the parties may reach or the outcome of this litigation, if CSS (which is no longer operating) is unable to satisfy any liability to the IRS, the IRS will look to CPDA for those amounts, because under section 3401(d) of the Internal Revenue Code, 26 U.S.C. §3401(d), CPDA was the common law employer and has the ultimate control of the payment of wages for the services being rendered to it. CPDA has not taken a position on that issue.

After an extensive analysis and reconciliation, CSS is prepared to file amended payroll tax returns with the IRS for 2018. CSS believes that the IRS will then determine the actual liability from under- deposit of payroll taxes, if any, and that such a determination will materially impact both CSS's settlement and litigation positions. If the case is not settled, Plaintiff will be able to amend its claim to reflect the actual amount for which it may be liable

to the IRS, which Plaintiff believes will simplify its claim and render it more accurate. CPDA does not object to the relief requested.

Plaintiff anticipates that the returns will be filed in the next approximately eight weeks and, assuming the matter is handled expeditiously, that the IRS will make a determination of liability within six to twelve months thereafter.

## CONCLUSION

For the reasons set forth above, Plaintiff moves for an Order staying these proceedings until the IRS issues a determination establishing the amount the agency determines is due as a result of the dispute from which this case arises.

A Proposed Order is attached.

Dated: April 24, 2024

/s/ Joseph E. Sandler
Joseph E. Sandler
SANDLER REIFF LAMB ROSENSTEIN
& BIRKENSTOCK, PC.
1090 Vermont Ave., N.W. Suite 750
Washington, D.C. 20005
Tel: (202) 479-1111  /202 607 0700
sandler@sandlerreiff.com

Counsel for Plaintiff

Respectfully submitted,

/s/ P. Andrew Torrez
P. Andrew Torrez
THE LAW OFFICES OF P. ANDREW TORREZ

28 E. Susquehanna Ave., Suite 206
Towson, MD 21286
Tel: (240) 230-7309
patorrez@patorrez.com

Counsel for Defendants

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of April 2024, the foregoing Consent Motion for Stay of Proceedings was filed electronically through the Court's CM/ECF system which caused electronic copies to be served on all counsel of record.

/s/ Joseph E. Sandler

Joseph E. Sandler

Counsel for Plaintiff